UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| DK HEARTSILL, LLC, | § | |
|    *Plaintiff*, | § | |
| v. | § | CIVIL ACTION NO. 6:21-cv-212 |
| | § | |
| TRAVELERS INSURANCE COMPANY | § | |
| and RUSSELL SPENCE, | § | |
|    *Defendants.* | § | JURY DEMANDED |
| | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant The Phoenix Insurance Company ("Defendant" or "Phoenix") (Plaintiff incorrectly named a non-existent entity "Travelers Insurance Company" as a defendant in its Original Petition), files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 as follows:

### I.    NATURE OF THE SUIT

1.    This lawsuit arises from an insurance claim made by DK Heartsill, LP ("Plaintiff") under insurance policy number 700-1H973214-PHX-17 issued by The Phoenix Insurance Company to DK Heartsill, LP for policy period from May 6, 2017 to May 6, 2018, subject to all terms and conditions therein and all endorsements attached thereto ("Policy").[1] Plaintiff's claim was reported on or about June 22, 2020 and assigned claim number FNK1223 ("Claim"). Plaintiff alleges generally that Phoenix improperly investigated its claim, misrepresented the terms of coverage, and wrongfully denied its claim. *See generally* **Exhibit D** (Plaintiff's Original Petition).

---

[1] Plaintiff names "DK Heartsill, LLC" as the Plaintiff in the Petition's caption; however, throughout the Petition Plaintiff states that DK Heartsill is a Texas limited partnership, organized under the name "DK Heartsill LP." Further, the policy at issue was issued by The Phoenix Insurance Company to DK Heartsill, LP, "Travelers Insurance Company" is a non-existent entity and is incorrectly named as a defendant in Plaintiff's Original Petition.

- 1 -

Plaintiff filed this lawsuit alleging breach of contract, violations of the Texas Insurance Code, breach of the Duty of Good Faith and Fair Dealing, and seeks enhanced statutory damages, exemplary damages, and attorney's fees.

## II.     PROCEDURAL BACKGROUND

2. On January 25, 2021, Plaintiff filed its Original Petition initiating an action in the 220th Judicial District Court of Bosque County, Texas, bearing Cause No. CV21-021 ("State Court Action"). *See* Exhibit D. A jury demand was not made in the State Court Action. *See generally* **Exhibit D**.

3. Phoenix was served with the Original Petition in the State Court Action on February 10, 2021. **Exhibit E** (Return of Service)**.**

4. Citation was issued to Russell Spence and was served with the Original Petition in the State Court Action on February 26, 2021.  **Exhibit F** (Return of Service to Russell Spence).

5. This Notice of Removal is timely filed within the 30-day statutory time period for removal under 28 U.S.C. § 1446(b)(1), being filed within 30 days of service on Defendant.[2]

6. This Notice of Removal is also timely filed within one year after commencement of the State Court Action, in compliance with 28 U.S.C. § 1446(c)(1).

## III.     BASIS FOR REMOVAL

7. This Court has original diversity jurisdiction under 28 U.S.C. § 1332 over this civil action, and the action may be removed by Phoenix pursuant to 28 U.S.C. § 1441(b), as it is a civil

---

[2] A removing party need not obtain the consent of a co-defendant that the removing party contends is improperly joined. *See Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007) (citing <u>Jernigan v. Ashland Oil Inc., 989 F.2d 812, 815 (5th Cir.1993)</u> ("In cases involving alleged improper or fraudulent joinder of parties, [requiring the written consent of] improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists.")).

action between citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

A.      **Complete Diversity of Citizenship Exists Between the Properly Joined Parties.**

8.      **Plaintiff is a Texas citizen**. Plaintiff's Original Petition avers that Plaintiff is a "Texas Limited Partnership having a principal place of business in Bosque, Texas." **Exhibit D** at ¶ 5. Plaintiff names "DK Heartsill, LLC" as the Plaintiff in the Petition's caption; however, throughout the Petition Plaintiff states that DK Heartsill is a Texas limited partnership, organized under the name "DK Heartsill LP." *See* **Exhibit D** at pg. 1 and ¶ 5. Indeed, according to the Texas Secretary of State, DK Heartsill LP is a Texas Limited Partnership, located at 2085 Country Club Rd., San Angelo, Texas 76904.[3]

9.      Thus, DK Heartsill LP is an unincorporated association operating in the State of Texas. There is no statutory rule governing the citizenship of an unincorporated association, citizenship of these entities is determined by the citizenship of each of its members. *See, e.g.*, *Bayerische Landesbank, New York Branch v. Aladdin Capital Management, LLC*, 692 F.3d 42, 49 (2d Cir. 2012). The state of incorporation and principal place of business is irrelevant in determining the citizenship of an unincorporated association. *See MidCap Media Finance, LLC v. Pathway Data, Inc.*, 929 F.3d 310, 316 (5th Cir. 2019).

10.     The only member of DK Heartsill LP is Heartsill Three LLC, listed as its general partner. Since Heartsill Three LLC is also an unincorporated association operating in the State of Texas, the citizenship of its members must be reviewed in order to determine the citizenship of DK Heartsill LP. *Id.*

---

[3] Texas Secretary of State, DK HEARTSTILL LP, Filing No. 800832732, Org. Filing Date June 20, 2007.

11. There are two members of Heartsill Three LLC, Joe H. Heartsill and Nancy L. Heartsill.[4] Both of these members are natural persons and United States citizens residing in Texas. A natural person is a citizen of the state in which he or she is domiciled for the purposes of determining diversity jurisdiction. Thus, to be a citizen of a state under the diversity provisions of 28 U.S.C. § 1332, a natural person must be both (1) a citizen of the United States, and (2) domiciled within that state. *See Anderson v. Watt*, 138 U.S. 694, 702, 707-08 (1891); *Mollan v. Torrance*, 22 U.S. (9 Wheat) 537, 539 (1824). Domicile requires the concurrence of physical presence in a state and the intent to remain in that state. *See Sun Printing & Publishing Ass'n v. Edwards*, 194 U.S. 377, 382 (1904). Here, both Joe Heartsill and Nancy Heartsill reside at the same address in San Angelo, Texas, where they intend to remain at this time and at the time when this action was brought. *See Mollan*, 22 U.S. at 539.

12. Because the only members of Three Heartsill LLC are citizens of Texas, Three Heartsill LLC is a citizen of Texas for the purposes of determining diversity jurisdiction. Further, Three Heartsill LLC is the only member of DK Heartsill LP; therefore, DK Heartsill LP is a citizen of Texas for diversity purposes. *MidCap*, 929 F.3d at 316.

13. **Phoenix is not a Texas Citizen.** The Petition alleges the Travelers Insurance Company is "a private corporation or unincorporated association of insurance companies."[5] *See* **Exhibit D** at ¶ 6. In fact, Defendant The Phoenix Insurance Company is incorporated in the State of Connecticut and maintains its principal place of business in the State of Connecticut.

---

[4] Texas Secretary of State, HEARTSTILL THREE LLC, Filing No. 800832554, Org. Filing Date June 20, 2007.
[5] Plaintiff's Original Petition incorrectly named "Travelers Insurance Companies" as a defendant in this suit. This entity does not exist and based upon the allegations of the Petition and the terms of the Policy the proper party to this suit is The Phoenix Insurance Company, a subsidiary of The Travelers Companies Inc., and is incorporated under the laws of Connecticut with its principal place of business in Connecticut.

14. For the purposes of establishing diversity, an incorporated entity is considered a citizen of the state of incorporation and citizen of the state in which it maintains its principal place of business. *See Hertz Corp. v. Friend*, 559 U.S. 77 (2010). Therefore, Phoenix is a citizen of the State of Connecticut for the purposes of establishing citizenship under 28 U.S.C. § 1332(c).

15. Thus, complete diversity of citizenship exists among the properly joined Parties in this action as the Plaintiff is a citizen of Texas and Phoenix is a citizen of Connecticut.

**B.     Adjuster Russell Spence is Improperly Joined**

16. The Plaintiff has improperly joined Russell Spence as a defendant in the State Court Action and Russell Spence's citizenship must be disregarded for the purposes of diversity analysis. *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).

17. The Fifth Circuit recognizes two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (*citing Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003). The case before this Court involves the second prong.

18. This second, alternative condition is met when there is no reasonable possibility that the plaintiff might recover against the improperly joined in-state defendant. *Smallwood*, 385 F.3d at 573. A "reasonable possibility" is more than a mere hypothetical possibility that an action against the non-diverse defendant *could* exist. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999). Phoenix's election to unconditionally accept whatever liability Defendant Spence might have to Plaintiff pursuant to Texas Insurance Code 542A.006 renders Plaintiff unable to succeed on its claims against Defendant Spence. *Bexar Diversified MF-1, LLC v. Gen. Star Indem. Co.*, SA-19-CV-00773-XR, 2019 WL 6131455, at *4 (W.D. Tex. Nov. 18, 2019).

19.     Phoenix notified Plaintiff of its election to accept responsibility for Spence and specifically pled in its Original Answer in the State Court Action that it accepted potential liability consistent with Texas Insurance Code 542A.006. *See* **Exhibit D** at Doc. Ex. A, **Exhibit H** (Phoenix's Election Letter). "Dismissal is required whether the election comes before or after the lawsuit is filed." *Chaudhary v. Chubb*, CV H-18-2179, 2021 WL 707645 (S.D. Tex. Feb. 23, 2021); Tex. Ins. Code § 542A.006(c). Because of Phoenix's election, Plaintiff has no possibility of recovery against Spence; thus, Spence is improperly joined, and his citizenship may be disregarded for diversity jurisdiction purposes. *See Koenig v. Unitrin Safeguard Ins. Co.*, SA-20-CV-00887-JKP-HJB, 2021 WL 51762, *3 (W.D. Tex. Jan. 8, 2021) ("[T]he record evidence includes the answer filed in state court that contains Unitrin's notice of election under § 542A.006. Because Unitrin's election demonstrates that Plaintiff has no possibility of recovery against Ladder Now and Eskew, these defendants are improperly joined and their citizenship may be disregarded for diversity jurisdiction purposes."); *Mazhar Footsteps, LLC v. AmGuard Ins. Co.*, No. SA-20-CV-00955-JKP-HJB, 2020 WL 7670245 (W.D. Tex. Dec. 24, 2020); *Flores v. Allstate Vehicle & Prop. Ins. Co.*, 2018 WL 5695553, at *5 (W.D. Tex. Oct. 31, 2018) ("[E]ven when a plaintiff asserts viable claims against an insurance agent, an election of liability by the insurer for the agent's acts or omissions is sufficient to show improper joinder on the basis that there is no reasonable basis to predict that the plaintiff might be able to recover against the agent."); *Jiang v. Travelers Home & Marine Ins. Co.*, 2018 WL 6201954, at *2 (W.D. Tex. Nov. 28, 2018).

20.     Plaintiff has no reasonable possibility to prevail against Adjuster Russell Spence because of Phoenix's 542A.006 election. Therefore, this Court should consider Adjuster Russell Spence improperly joined and ignore Russell Spence's citizenship for the purpose of establishing diversity jurisdiction under 28 U.S.C. § 1332.

**C.    The Amount in Controversy Requirement is Satisfied**

21.    The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Grant v. Chevron Phillips Chem. Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002). The removing party may satisfy its burden by either (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00, or (2) "by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount." *Allen v R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

22.    Here, the Plaintiffs' Original Petition states, the Plaintiffs are seeking "monetary relief of over $1,000,000." *See* **Exhibit D** at ¶ 4. This range exceeds $75,000.00 and satisfies the amount in controversy requirement.

**D.    Other Matters**

23.    Removal to the Western District of Texas, Waco Division is proper because the State Court Action is pending in Bosque County, Texas, which is part of the Western District.

24.    In compliance with 28 U.S.C. § 1446(a), Phoenix has filed with this Notice of Removal (i) all executed process, (ii) all pleadings asserting causes of action, (iii) all orders signed by the state court judge, (iv) the state court docket sheet, (v) an index of matters being filed, and (vi) a list of counsel of record and the parties represented. **See attached Exhibits A-H.** Defendant will separately file any Corporate Disclosure which may be required after filing this Notice in compliance with FED. R. CIV. P. 7.1.

25.    In compliance with 28 U.S.C. § 1446(d), Defendant hereby certifies that it will promptly notify the clerk of the court in the State Court Action and all adverse parties of this removal.

## IV. CONCLUSION AND PRAYER

26. The basis for this removal and this Court's jurisdiction is diversity of citizenship under 28 U.S.C. §1332 because Plaintiff is a citizen of Texas and Phoenix is a citizen of Connecticut. For the reasons stated in this Notice, the parties are completely diverse, and the Court may exercise diversity jurisdiction over this lawsuit. The amount in controversy, based on the face of the Plaintiff's Original Petition, exceeds $75,000.00, exclusive of interest and costs. As such, this Court has subject matter jurisdiction over this action and this removal is proper under 28 U.S.C. § 1441. On these grounds, Phoenix hereby removes the referenced State Court Action to this Court.

27. Defendant demands a jury in this removed action.

28. THEREFORE, Defendant The Phoenix Insurance Company, respectfully requests that the above-entitled action be removed from the 220th District Court of Bosque County, Texas to the United States District Court for the Western District of Texas, Waco Division.

Respectfully submitted,

MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.

By: */s/ Melinda R. Burke*
    **Melinda R. Burke**
    State Bar No. 03403030
    Email: burke@mdjwlaw.com
    9111 Cypress Waters Blvd., Suite 250
    Dallas, Texas 75019
    Telephone: (214) 420-5500
    Facsimile: (214) 420-5501

    **ATTORNEY FOR THE PHOENIX INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to opposing counsel in accordance with the Federal Rules of Civil Procedure on March 5, 2021.

Jeffrey E. Hansen, Esq.
Hansen & Associates
1101-A North Little School Road
Arlington, Texas 76017

                                                */s/ Melinda R. Burke*
                                                Melinda R. Burke