Bosque County - District Clerk

Filed: 1/25/2021 3:23 PM
Juanita Miller
District Clerk
Bosque County, Texas
STELLA GREEN

CAUSE NO. **CV21-021**

| | | |
|---|---|---|
| DK HEARTSILL, LLC, | § | IN THE DISTRICT COURT |
| Plaintiff, | § § § | |
| v. | § § | 220th JUDICIAL DISTRICT |
| TRAVELERS INSURANCE COMPANY and RUSSELL SPENCE, | § § § | |
| Defendants. | § | BOSQUE COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, DK HEARTSILL, LP (hereinafter referred to as "Heartsill"), complaining of Defendants, TRAVELERS INSURANCE COMPANY ("Travelers") and RUSSELL SPENCE ("Spence"), and in support thereof would respectfully show the Court as follows:

### A. NATURE OF THE CASE

1. After hail and high winds from a North Texas storm damaged ranch property owned by Heartsill located on an approximate 1,709.814 acre tract of land in Kopperl, Bosque County, Texas having an address of 598 Private Road 2845, Kopperl, Texas 76652 (the "Ranch"), Travelers wilfully and intentionally failed to honor its obligations imposed by the farm and ranch insurance policy sold to Heartsill.

2. As is explained more fully below, Travelers wrongfully denied Heartsill's claim, wilfully failed and refused to properly investigate Heartsill's claim, wrongfully delayed payment of Heartsill's claim, and deliberately interfered with Heartsill's efforts to recover its losses under the Policy. Spence performed an inadequate, improper and wholly insufficient investigation and inspection of the Ranch. Upon completion of the

PLAINTIFF'S ORIGINAL PETITION
J:\{JEH Clients}\Sikes, RJ\Transactions\Cauble Ranch\Insurance\Claims\2019 Roof Claim\Travelers\Pleadings\Original Petition.docx


EXHIBIT D

Page 1 of 17

inspection, Spence failed to properly investigate storm data which, if he had performed a proper investigation, he would have determined the date of the storm which caused those damages made the basis of Heartsill's claim was covered by the Policy.

### B. DISCOVERY CONTROL PLAN AND CLAIM FOR RELIEF

3. Heartsill intends to conduct discovery in this case under a level 3 discovery control plan pursuant to Rule 190 of the Texas Rules of Civil Procedure.

4. Heartsill seeks monetary relief of over $1,000,000.00.

### C. PARTIES

5. Heartsill is a Texas limited partnership having a principal place of business in Bosque, Texas. Heartsill does not have a social security number or a Texas driver's license number.

6. Travelers is a private corporation or unincorporated association of insurance companies which is hereby sued in its common name pursuant to Rule 28 of the Texas Rules of Civil Procedure. The Agent for Service of Process for Travelers is: Corporation Service Company, which may be served with process at 211 East 7th Street, Suite 620, Austin, Texas 78701. It is Heartsill's understanding Travelers does not have a Texas driver's license or social security number.

7. Russell Spence is an individual employed by Aspen Claims Service which may be served with process in this matter by serving him at his residence/business located at 1807 Hanover Drive, Richardson, Texas 75081. Heartsill is not aware of and does not have information relative to the driver's license or social security number of Spence.

### D. JURISDICTION AND VENUE

8. Heartsill seeks damages under the common and statutory laws of the State of Texas in amounts which are within the jurisdictional limits of this Court.

9. The parties are citizens of the State of Texas or businesses doing business in the State of Texas.

10. Venue is proper in Bosque County, Texas because the claims and causes of action asserted herein arise out of transactions or occurrences taking place in Bosque County, Texas.

### E. FACTUAL BACKGROUND

11. In this Petition, whenever it is alleged that Travelers did any act or thing, it is meant that Travelers' officers, agents, adjusters, servants, employees, attorneys, or representatives did such act or thing and that at the time such act or thing was done, it was done with the full, expressed, implied, or apparent authorization or ratification of Travelers, or was done in the normal and routine course and scope of employment of Travelers' officers, agents, adjusters, servants, employees, attorneys, or representatives.

12. Heartsill began to look for a policy of insurance covering the Ranch in early 2018. Heartsill's agent, the PK Kelly Insurance Agency ("PK Kelly") recommended that Heartsill submit an application to Travelers for issuance of a Policy covering the Ranch. In connection therewith, Heartsill was informed that Travelers was a reputable company and that if the Ranch or any property located on the Ranch sustained damages which was insured by Travelers, Travelers would cover the claim.

13. In early 2018, Heartsill submitted an application for insurance with Travelers through PK Kelly.

14. In January of 2018, Millennium Information Services, Inc. performed a survey and inspection of the Ranch focusing on the main residential building (the "Residence"). Following inspection, Heartsill was issued a proposal from Travelers for the issuance of a farm and ranch policy which was accepted by Heartsill. Heartsill paid the premium of such policy having an issue date of April 18, 2017 and a policy period date of May 6, 2017 through May 6, 2018, and having policy number 700-1H973214-PHX-17 (the "Policy").

15. On or about March 17 – 19, 2018, the roof and windows of the residence were damaged by hail and high winds and the roof of all other outbuildings located on the Ranch were damaged (the "Loss").

16. Heartsill submitted a claim on the Policy seeking to recover damages caused as a result of the Loss (the "Claim"). Without performing any type of inspection whatsoever, Travelers denied the Claim by letter dated September 25, 2020, alleging "the storm bureau research had identified the most recent hailstorm with damaging hail at the property address occurred on October 10, 2019...". Heartsill responded that the National Weather Bureau indicated that a storm producing hail of approximately 3 inches in diameter crossed over the Ranch on March 17 through 19 of 2018, a time during the coverage period provided by the Policy. Travelers refused to even inspect the Ranch or evidence of damages resulting from the Loss.

17. On or about October 2, 2020, Heartsill provided notice of dispute of Travelers denial of the Claim as anticipated by Section 541 of the Texas Insurance Code. In response to this letter, on December 1, 2020, Spence, on behalf of and representing Travelers inspected the Ranch. At the time of the inspection, the entire Ranch property

was made available to Spence. This included the Residence, and all outbuildings including a foreman's house, an additional house, and metal barns.

18. Spence was ill prepared for an inspection and was only able to perform a visual inspection of the roof of the Residence. Though Spence was provided an opportunity to inspect the barns, all of which had metal rooves, he refused to do so. Instead, he stated he would come back another day to inspect the barns. Spence never returned to perform an additional inspection.

19. Had Spence inspected the barns as any other reasonably prudent adjuster attempting to determine whether the Property had experienced hail damage would have done, he would have discovered the barns had suffered impacts from hail measuring not less than 3 inches in diameter.

20. Following Spence's inspection, on or about December 6th or 7th, 2020, Heartsill was contacted by Travelers and informed Spence had been unable to identity with any degree of certainty whether the damages he observed during his inspection were caused by a hail event occurring during the Policy period. Spence obviously did not take the time or effort to investigate available storm data as if he had done so, he would have learned that on or about March 17th - 19th, a severe storm passed nearly directly over the Ranch which produced hail of approximately 3 inches in diameter.

21. Had Spence performed a reasonable and prudent inspection of the Ranch, he would have discovered evidence of damages from hail measuring not less than 3 inches in diameter. Had Spence performed a reasonable investigation into available meteorological data, he would have discovered that since May 2017, there had been only one storm capable of producing hail 3 inches in diameter, the size of the hail impacts

which would have been discovered by Spence had he taken the time to inspect the roof of the barn, and that storm occurred on March 17 – 19, 2018.

22. Travelers provided formal notice that it was denying the claim based upon "information and documentation we received during the research of this claim." Specifically, Travelers alleged that on December 1, 2020, Spence inspected the Ranch and that "our research found that we are unable to determine on what date the damage occurred." Obviously, this determination was made based upon and as the result of the insufficient, cursory, improper and negligent inspection performed by Spence.

23. Travelers does not deny that the Ranch suffered damages from a covered loss, but only that they cannot determine "on what date the damage occurred."

24. Travelers has failed and refused to evaluate the information surrounding the Claim, choosing instead to hide behind false assumptions, inaccurate conclusions of Spence and/or other agents, employees and/or consultants.

25. Travelers has failed and refused in the past and continues to fail and refuse today to pay the Claim on a timely basis as required by the Policy and the Texas Insurance Code. Instead, Travelers has wrongfully delayed and denied Heartsill's Claim when liability and coverage under the Policy are reasonably clear.

26. Heartsill has cooperated with every request made by Travelers and has shared and provided all relevant documents, data, information and provided access to the entire Ranch, and the buildings and contents thereof which are the subject of this Claim.

27.     No reasonable basis exists for the denial and delay of the payment of the Claim by Travelers or its refusal to provide covered benefits due and owing under the Policy.

28.     No reasonable basis exists or ever existed for Travelers to delay and/or refuse to pay the covered claim which is due and owing under the Policy. Travelers has misrepresented to Heartsill that the damages to the Ranch were not covered by the Policy and the damages did not occur during the term of the Policy.

### F. STATUTORY AUTHORITY

29.     This suit is brought in part under Texas Business and Commerce Code Sec. 17.41 *et seq.* commonly known as Deceptive Trade Practices and Consumer Protection Act and cited in this Petition as DTPA. This suit is also brought in part under the Texas Insurance Code Chapter 541.151 *et seq.*, Chapter 542.051 *et seq.*, and Texas Civil Practice and Remedies Code § 38.01 *et seq.*

### G. NOTICE AND CONDITIONS PRECEDENT

30.     Heartsill has provided notice in writing of the Claim, including a statement of Heartsill's actual damages and expenses in the manner and in the form required by law.

31.     All conditions precedent or necessary to maintain this action and in order to maintain the claims under the Policy in question have been performed, occurred, or have been waived.

### H. ASSUMED NAMES

32.     Pursuant to Rule 28 of the Texas Rules of Civil Procedure, Heartsill hereby gives notice that it is suing Travelers in all of its business or common names regardless

of whether such is a business, partnership, association, individuals, entities and private corporations. Travelers is known to have used or done business under the following names which include Travelers Casualty and Surety Company, Travelers Casualty and Surety Company of America, Travelers Casualty Company of Connecticut; The Travelers Casualty Company, Travelers Casualty Insurance Company of America, Travelers Commercial Casualty Company, Travelers Home and Marine Insurance Company, Travelers Indemnity Company of America, Travelers Indemnity Company, Travelers Lloyds Insurance Company, Travelers Lloyds of Texas Insurance Company, Travelers Personal Insurance Company, Travelers Property Casualty Company of America, Travelers Property Casualty Insurance Company, and Travelers Protective Association of America.

## I. **CAUSES OF ACTION**

### CAUSE OF ACTION – NEGLIGENCE OF SPENCE

33. Spence was retained by Travelers to perform an inspection of the Ranch and make a determination of the nature and extent of the damages sustained and identify the probable date upon which such damages may have occurred. In connection therewith, Spence owed Heartsill that level of care which would be expected of any other reasonable and prudent adjuster charged with the inspection of the Loss. In this case, Spence failed to perform the inspection of the Ranch as a reasonable, prudent adjuster in the following respects:

   a. Spence was not prepared to perform an inspection of the entire Ranch;

   b. Spence refused to examine buildings and appurtenances located on the Ranch which would have provided significant insight and information;

  c. Spence failed and refused to perform a full and complete inspection of the Ranch;

  d. Spence formed his coverage decisions based upon speculation and conjecture;

  e. The report prepared by Spence was not based upon the reasonably available information and data which he was provided access to on December 1, 2020;

  f. Spence failed to research readily available storm and weather data to make a determination as to when a storm capable of causing observable and apparent damages at the Ranch would have occurred;

  g. Spence disregarded evidence and data of storm damage located at the Ranch which would have been meaningful to a determination as to the time or date of the storm causing such observable damages; and

  h. Spence failed to act as a reasonable and prudent adjuster in the same of similar circumstances.

34. All the foregoing, individually and/or cumulatively constitute negligence on the part of Spence. Such negligence was a proximate cause of those damages which have been sustained by Heartsill and which Heartsill complains of in this pleading.

CAUSE OF ACTION – VIOLATION OF TEXAS INSURANCE CODE

35. As described herein, Spence and Travelers failed to attempt to effectuate the prompt, fair and equitable settlement of the Claim with respect to which liability had become reasonably clear in violation of Texas Insurance Code § 541.060(a)(2)(A).

36. Rather than acting in good faith to resolve the Claim and issue payment as anticipated by the Policy, Travelers retained the services of Spence to inspect the Ranch and provide a report which misconstrued and/or ignored the clear and apparent data which was available. While Spence acknowledges apparent hail damages, Spence attempts to create a shield of liability for the benefit of Travelers, erroneously alleging the date of loss cannot be determined. Had Spence performed an inspection of the Ranch as a reasonable, prudent adjuster, gathering readily available data, and information from weather reports at or about the Ranch since the inception of the Policy, the date of loss would have been readily apparent and determinable.

37. Travelers accepted coverage and has collected premiums in return for its promises to insure the Ranch and Residence in the condition as existed upon the date of Heartsill's purchase of the Policy. The sole and only basis Travelers relies upon to refuse payment of the Claim is that it is unable to determine the date of loss, which inability is caused solely and only as a result of the failure of Spence and Travelers to perform a proper investigation of the Claim.

38. Heartsill is being forced to pursue litigation to collect and recover amounts to which it is entitled under the Policy. As a result, Travelers is subject to liability pursuant to the provisions of Insurance Code § 542.003(b)(4) & (5).

39. Travelers and Spence have failed to provide a prompt and reasonable explanation in relation to the facts or applicable law for the denial of the Claim and refused to pay the Claim in violation of Texas Insurance Code §541.060(a)(3).

40. Travelers and Spence have completely and wholly failed to perform a reasonable investigation of the Loss and have completely refused or failed to review and evaluate available data which would allow a reasonable resolution of this Claim.

41. Travelers and Spence have failed to provide an explanation for the failure to adequately settle Heartsill's Claim in direct violation of the Texas Unfair Competition and Unfair Practices Act, Texas Insurance Code § 541.060(3).

42. Instead, Travelers has misconstrued facts and takes the erroneous position the damages to the Residence occurred after or subsequent to the expiration of the Policy and therefore are not covered by the Policy.

43. Travelers failed and refused to fully compensate Heartsill under the terms of the Policy because Spence and Travelers failed to conduct a reasonable investigation. Such failure is a violation of the Texas Unfair Competition and Unfair Practices Act, Texas Insurance Code § 541.060(7).

44. Both Spence and Travelers performed an outcome-oriented investigation of Heartsill's Claim which resulted in a biased, unfair, and inequitable evaluation of the Loss. Travelers' and Spence's conduct constitute a violation of the Texas Unfair Competition and Unfair Practices Act, Texas Insurance Code § 541.060(7).

45. Travelers and Spence have failed to meet their respective obligations under the Texas Insurance Code by acknowledging Heartsill's claim; and thereafter failing to pursue a full and complete investigation into Heartsill's claim; and failing to request review and evaluate all information reasonably necessary to properly investigate Heartsill's claim within fifteen days of receiving notice of the Claim. The conduct of Travelers and Spence

constitutes a violation of the Texas Prompt Payment of Claims Act, Texas Insurance Code § 542.055.

46. Both Travelers and Spence failed to meet their respective obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Travelers has delayed full payment of Heartsill's Claim longer than allowed based upon and in reliance upon the deficient and improper investigation and evaluation of the Claim conducted and performed by Spence. Defendants Spence and Travelers have violated the Texas Prompt Payment of Claims Act, Texas Insurance Code § 542.055.

47. Travelers has misrepresented to Heartsill material facts and/or the Policy provisions relating to the coverage alleged to be provided under the Policy in violation of Texas Insurance Code § 541.060(a)(1).

48. Travelers misrepresented the insurance Policy and terms under which it affords property coverage to Heartsill and related parties, making an untrue statement of material fact in violation of Texas Insurance Code § 541.061(1).

49. Travelers misrepresented the insurance Policy by which it affords property coverage to Heartsill by failing to state a material fact that is necessary to make other statements made not misleading in violation of Texas Insurance Code § 541.061(2). By way of example, Travelers represented, expressly and impliedly, that if the roof of the Residence was damaged by a covered loss to the extent it could not be repaired, it would be replaced pursuant to the terms and conditions of the Policy.

## CAUSE OF ACTION – BREACH OF CONTRACT

50. Travelers breached and failed to comply with the Policy of insurance which constitutes a valid and enforceable agreement between the Heartsill and Travelers.

51. Travelers agreed it would pay any claim resulting from a covered loss. The Claim was initiated as a result of a covered loss. Heartsill has complied with all provisions of the Policy in initiating the Claim and working with Travelers to allow it to investigate the Claim. As a result, Travelers is obligated to make payment pursuant to the Policy.

52. The refusal of Travelers to make payment pursuant to the Policy constitutes breach of contract constituting and causing damages to Heartsill. As a result of Travelers' breach, Heartsill has suffered damages for which it now sues herein.

## CAUSE OF ACTION – BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

53. Travelers, as Heartsill's property insurer, and Spence, as the adjuster, performed an investigation and evaluation into the Claim which resulted in the improper denial, have the common law duty to deal fairly and in good faith with Heartsill when proceeding on the Claim. Travelers and Spence breached their duties of good faith by refusing to properly investigate the Claim and refusing to make payment according to the Policy.

54. It is undisputed and in fact conceded the roof of the Residence located on the Ranch was damaged. However, rather than gathering sufficient information, data and evidence to determine with a reasonable degree of certainty the date upon which the damage occurred, Travelers and Spence have fabricated facts and take the position the date of loss cannot be determined and therefore Travelers has no obligation to make payment according to the terms of the Policy.

55. It was and is reasonably clear, and both Travelers and Spence knew or should have known, the Loss was covered. Travelers and Spence knew or should have known there was no reasonable basis for denying the Claim or delaying the payment of

the Claim. As a result of Travelers and Spence's breach of these legal duties, Heartsill has suffered legal damages.

## CAUSE OF ACTION – PUNITIVE DAMAGES FOR BAD FAITH

56. Travelers and Spence acted fraudulently and with malice (as that term is legally defined) in denying the Claim. Further, Travelers and Spence had actual subjective awareness of the risk involved and the inappropriateness of their conduct, but nevertheless proceeded with conscious indifference to the rights, safety and welfare of Heartsill.

## CAUSE OF ACTION – VIOLATION OF TEXAS DTPA

57. The Deceptive Trade Practices-Consumer Protection Act, ("DTPA"), provides additional protection to consumers who are victims of deceptive, improper or illegal practices. Travelers' and Spence's violations of the Texas Insurance Code create a cause of action under the DTPA.

58. Additionally, Travelers and Spence have violated the provisions of Texas Business & Commerce Code §17.46(b) as follows:

> (5) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;
>
> (7) representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;
>
> (12) representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;
>
> (13) knowingly making false or misleading statements of fact concerning the need for parts, replacement, or repair service;
>
> (14) misrepresenting the authority of a salesman, representative or agent to negotiate the final terms of a consumer transaction;
>
> (24) failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was

intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

59. Spence's and Travelers' violation of the Texas Insurance Code, as set forth herein, is additionally a violation of the DTPA.

## CAUSE OF ACTION – FRAUD

60. Travelers has acted knowingly and with reckless disregard of Heartsill's rights and interests in the course of handling the Claim. Travelers made false statements and misrepresentations of material facts and engaged in actions and/or omissions for the purpose of misleading Heartsill as to the true nature of the damages resulting from the hailstorm and the cause of the damages to the roof of the Residence and the date upon which those damages occurred. To Heartsill's detriment, it has relied upon the fraudulent conduct of Travelers and has been injured.

61. Travelers, knowingly and with reckless disregard for Heartsill, in the course of handling the subject Claim, made false statements and misrepresentations of material facts, and engaged in actions and/or omissions for the purpose of misleading Heartsill as to its rights, duties, and the available insurance benefits under the subject Policy.

62. Travelers, knowingly and with reckless disregard for Heartsill, undertook an outcome-oriented investigation by retaining biased adjusters, experts and consultants to investigate the Claim. Travelers knew or should have known that these adjusters, experts or consultants would not perform a reasonable and unbiased investigation and knew or should have known that these experts and consults would provide reports and opinions aimed at reducing or eliminating Travelers' obligations to pay money under the Policy. Despite this knowledge, Travelers fraudulently held out and represented to Heartsill that

these opinions were accurate, unbiases and were fair and impartially correct, and Heartsill, having relied upon such fraudulent representations, has been damaged.

63. The conduct above was done intentionally and for the purpose of inducing Heartsill to rely upon such fraudulent conduct thereby causing them to suffer damages.

## KNOWLEDGE

64. The facts described above together and singularly were committed "knowingly and intentionally" and were the producing cause of Heartsill's damages described herein.

### J. DAMAGE'S

65. Heartsill is entitled to actual damages resulting from Travelers and Spence's violations of law. These damages include all actual and consequential damages to Heartsill's economic welfare resulting from the wrongful denial and refusal to make distributions of amounts owed under the Policy; the mental anguish and physical suffering resulting from the wrongful denial of benefits and continued impact on Heartsill; and all other actual damages permitted by law.

66. As a result of Defendants' acts and/or omissions, Heartsill has sustained damages in excess of the minimal jurisdictional limits of this Court.

67. Heartsill is entitled under law to the recovery of pre-judgment and post-judgment interest at the maximum legal rate.

68. Travelers' and Spence's knowing violations of the Texas Insurance Code and the DTPA entitle Heartsill to recover treble damages and other penalties provided by law.

69.  Heartsill is entitled to statutory interest on the amount of the Claim at the rate of 18% per year as damages under the Texas Insurance Code, Sections 542.058 and 542.060.

70.  Heartsill is also entitled to recovery of attorneys' fees pursuant to Texas Civil Practice & Remedies Code, §38.01, Texas Insurance Code §542.060(a)-(b), Texas Business & Commerce Code, §17.50 and Texas Civil Practice & Remedies Code, §37.001.

### Prayer

WHEREFORE PREMISES CONSIDERED Plaintiff DK Heartsill, LP (referred to as "Heartsill") prays that by a full and complete trial hereof it be awarded its actual and special damages, penalty interest, prejudgment and post-judgment interest, attorneys' fees and costs of court, and for such other and further relief both general and special whether at law or in equity to which Heartsill may show itself justly entitled by the pleadings or proper amendment hereto.

Respectfully submitted,

HANSEN & ASSOCIATES

_/ s / Jeffrey E. Hansen_
Jeffrey E. Hansen
State Bar No. 00784208
1101-A North Little School Road
Arlington, Texas 76017
jeff@hhattorneys.com
maggi@hansenattorneys.com
817.429.0956 (phone)
817.496.4605 (fax)

ATTORNEYS FOR PLAINTIFF